**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**NOT FOR PUBLICATION**

In re:

EVANGELIA ISMAILOS,

Debtor.

Chapter 11

Case No. 22-10347 (JPM)

**MEMORANDUM OPINION AND ORDER DEFERRING RULING ON REMAINING RELIEF SOUGHT ON MOTION TO ALLOW LATE-FILED PROOF OF CLAIM**

**JOHN P. MASTANDO III**
**UNITED STATES BANKRUPTCY JUDGE**

## I. INTRODUCTION

By Memorandum Decision and Order dated May 4, 2026 (the "**May 4 Decision**"),[1] the Court granted Lerebours Antiques L.L.C. (the "**Movant**") relief from the Bar Date and allowed the filing of its proof of claim in the sum of $419,300.00 (the **"Lerebours Claim"**) against Evangelia Ismailos (the "**Debtor**") on account of "[g]oods had and received, [and] breach of oral agreement." (Dkt. No. 275).[2] The Court did not address the merits of the Lerebours Claim; the May 4 Decision focused on the "gating issue" of whether the Court should grant Movant leave to file its proof of claim. (*See id*. at 4).

The matter before the Court now is the balance of the relief sought by the Movant in the Motion for an Order Allowing its Late-filed Proof of Claim on Grounds That it Did Not Have Actual or Constructive Notice of this Case (Dkt. No. 261) (the "**Motion**"). The Movant seeks entry of an order: (i) allowing the Lerebours Claim "in its entirety"; (ii) directing that the Lerebours Claim be classified and treated as a Class 6 Allowed General Unsecured Claim under the Debtor's

[1] Memorandum Decision and Order on Motion to Allow Late-Filed Proof of Claim (Dkt. No. 275).
[2] All references to "Dkt. No." refer to the docket entries in this case.

confirmed Second Amended Plan of Reorganization (the "**Plan**"); and (iii) to the extent necessary, amending and modifying the Plan or payment schedules pursuant to section 1127 of the Bankruptcy Code. (Dkt. No. 261, at 10-11).

For the reasons set forth below, the Court does not determine the validity or amount of the Lerebours Claim at this time. The Court also finds that Debtor's Opposition to the Motion (the "Opposition") did not serve as an objection to the Lerebours Claim under Federal Rule of Bankruptcy Procedure 3007.[3]

## II. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a), 157(a), and the Amended Standing Order of Reference dated January 31, 2012 (Preska, C.J.). The allowance or disallowance of claims is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). *See In Re Residential Cap., LLC*, 519 B.R. 890, 900 (Bankr. S.D.N.Y. 2014) (citing 28 U.S.C. § 157(b)(2)) (providing a "non-exhaustive list of core proceedings, including the 'allowance or disallowance of claims against the estate . . . for purposes of distribution in a case under title 11'").

## III. BACKGROUND

### A. THE DEBTOR'S CHAPTER 11 PLAN

On October 21, 2025, the Court entered an order confirming the Debtor's Plan (the "**Confirmation Order**"). (*See* Dkt. No. 254).[4] Under the Plan, the holders of Allowed General Unsecured Claims are classified as Class 6 Creditors. Class 6 consists "of general Unsecured Claims that are not secured by property of the Estate and are not entitled to priority under § 507(a)

---

[3] Bankruptcy Rule 3007 governs objections to claims. An objection to the allowance of a claim must be in writing and filed, and the objection and notice of the hearing on the objection must be mailed or otherwise delivered to the claimant at least thirty days before the hearing. *See* Fed. R. Bankr. P. 3007(a).

[4] Order Confirming Debtors' Second Amended Chapter 11 Plan of Reorganization Pursuant to 11 U.S.C. § 1129 (Dkt. No. 254). The Confirmation Order was signed on October 21, 2025, and was entered on the docket on October 22, 2025.

of the Bankruptcy Code." (Dkt. No. 254-1, at 12). The Plan estimates that such claims "total approximately $127,020.33." (*Id.*).

As relevant here, Section 7.2 of the Plan provides that objections to claims, other than claims specifically deemed allowed under the Plan, "may be filed by Reorganized Debtor up to and including thirty (30) days following the entry of the Confirmation Order." (Dkt. No. 254-1, at 14). The period fixed by Section 7.2 lapsed on or about November 21, 2025.

### B. The Lerebours Claim and Motion

On February 19, 2026—approximately three months after the claim objection deadline—the Movant filed an unsecured claim for $419,300.00 against the Debtor on account of "[g]oods had and received, [and] breach of oral agreement." (Dkt. 275, at 3; *see also* Proof of Claim, No. 9). The parties dispute the merits of the Lerebours Claim. The Movant contends that the Debtor received certain furnishings, artwork, and collectibles pursuant to an "on approval" or "on memo" arrangement and thereafter failed to either pay for or return the property. (Dkt. No. 261, at ¶ 7). The Movant believes it holds a meritorious claim against Debtor for "*quantum valebant* (value of goods supplied), unjust enrichment, conversion and breach of contract." (*Id.* at ¶ 6). The Debtor denies personal liability and contends that an entity associated with the Debtor, Anisma Films, Inc., was the prospective purchaser of the goods, rather than the Debtor in her individual capacity. (*See* Dkt. No. 275, at 9-10). The parties also dispute the terms of their arrangement, the goods that were to be retained or returned, discounts reflected in later communications, and the amounts allegedly due. (*See* Dkt. No. 275, at 8-12). The Court recites those disputes only to identify what remains unresolved and makes no findings concerning them.

In the May 4 Decision, the Court granted the Movant leave to file the Lerebours Claim and overruled the Debtor's Opposition to the Motion to that extent. (*See* Dkt. No. 275, at 4). Since

entry of the May 4 Decision, no objection to the Lerebours Claim has been filed under Bankruptcy Rule 3007, and no hearing has been held on the validity or amount of the claim.

## IV. LEGAL STANDARD

### A. Allowance of Claims

A proof of claim filed under section 501 of the Bankruptcy Code is "deemed allowed" unless a party in interest objects. *See* 11 U.S.C. § 502(a). A properly filed proof of claim is "prima facie evidence of the validity and amount of a claim." *In re Kerner*, 599 B.R. 751, 757 (Bankr. S.D.N.Y. 2019) (citing Fed. R. Bankr. P. 3001(f)). That presumption places the initial burden on the objecting party to produce sufficient evidence to rebut the claim's prima facie validity. *See In re Oneida Ltd*., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009). To do so, the objecting party must produce "evidence equal in force to the prima facie case . . . which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *Id.* (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d. 167, 173-74 (3d Cir. 1992)). If the objecting party carries its burden, the claimant must "prove by a preponderance of the evidence that under applicable law the claim should be allowed." *Id*.

### B. Effect of a Confirmed Plan

Upon confirmation, "the provisions of a confirmed plan bind the debtor . . . and any creditor." 11 U.S.C. § 1141(a). "[T]he confirmation order serves as *res judicata* as to any issues that were or could have been raised in the confirmation proceedings." *In re Frontier Ins. Grp., Inc*., 585 B.R. 685, 694 (Bankr. S.D.N.Y. 2018) (quoting *In re Bel Air Square Joint Venture*, 100 F.3d 942 (2d Cir. 1996)). Accordingly, once a plan is confirmed, the parties' rights are governed not only by the Bankruptcy Code, but also by the terms of the confirmed plan and the confirmation

order. *See id.* at 693 ("[T]he chapter 11 plan is the crucible by which the parties' claims and rights in property dealt with by the plan are transformed and governed post-confirmation[.]").

A party's rights under a confirmed plan "are determined by the definition of the relevant term therein." *In re WorldCom, Inc.*, 362 B.R. 96, 112 (Bankr. S.D.N.Y. 2007). Thus, although section 502(a) provides that a proof of claim is deemed allowed absent objection, a confirmed plan may define the term "allowed" differently for purposes of distributions under the plan. *See id*. at 112. In *WorldCom*, the Court acknowledged that section 502 deems a claim allowed absent objection, but explained that "Allowed" was a "defined term in the Plan" and that the claimant's rights under the plan turned on the plan's own definition. *Id.* at 112-13.

A confirmed plan or confirmation order may also establish the deadline and procedures for objecting to claims. *See id*. "Where the language of the plan is unequivocal," the Court must enforce its terms as written and "adopt the plain and natural meaning only of the words contained within the text of the instrument itself." *In re Victory Mkts., Inc*., 221 B.R. 298, 303 (B.A.P. 2d Cir. 1998); *see also In re Grupo Aeromexico*, No. 20-11563 (JPM), 2023 WL 6206093, at *4 (Bankr. S.D.N.Y. Sept. 22, 2023) ("Confirmed plans of reorganizations are binding contracts, and courts interpret confirmed plans according to principles of contract law."). But "a bankruptcy court may clarify a plan where it is silent or ambiguous [and] can also use this authority to 'interpret' plan provisions to further equitable concerns." *In re Reserve Cap. Corp*., No. 03-60071, 2007 WL 1989285, at *8 (Bankr. N.D.N.Y. July 6, 2007) (quoting *In re Beal Bank, S.S.B.,* 201 B.R. 376, 380 (E.D. Pa.1996).

## V. ANALYSIS

### A. The Present Record Does Not Support A Merits Determination Allowing The Claim In Its Entirety At This Time

No party in interest has filed an objection to the Lerebours Claim. However, the Debtor did file her Opposition To Lerebour's Antiques, LLC Motion For An Order Allowing Its Late-filed Proof of Claim. (Dkt. No. 263-1). Section 502(a) provides that a proof of claim is deemed allowed unless a party in interest objects. *See* 11 U.S.C. § 502(a). But the absence of an objection does not transform the filing of a proof of claim into an adjudication on the merits where the time to object to such a claim has not yet expired.

A claim objection is the procedural vehicle that "initiate[s] the contested matter" and frames the issues for adjudication. *In re SunEdison, Inc.*, 557 B.R. 303, 306 n.3 (Bankr. S.D.N.Y 2016). Without a claim objection, there is no contested matter, no evidentiary record, and no procedural posture in which the Court can adjudicate the factual disputes surrounding the claim. *See In re Tronox Inc.,* No. 09-10156 (MEW), 2024 WL 3664206, at *21 (Bankr. S.D.N.Y. Aug. 5, 2024) ("A proof of claim is deemed to be allowed unless an objection is filed; it is the objection to a claim (not the claim itself) that gives rise to a 'proceeding[.]'"). Allowing a late-filed claim to participate with timely claims "should not be construed as a finding that [the] claim is being allowed;" the estate representative remains free to object later. *In re Columbia Ribbon & Carbon Mfg. Co.,* 54 B.R. 714, 716 n.6 (Bankr. S.D.N.Y. 1985).

In the May 4 Decision, the Court allowed the Movant to file the Lerebours Claim after the Bar Date, having found "excusable neglect" under Bankruptcy Rule 9006(b)(1). (Dkt. No. 275, at 22). But the Court did not determine whether the Debtor is liable to the Movant, whether the claim is enforceable under applicable non-bankruptcy law, or whether the amount asserted by the

Movant is correct. (*Id.*). The parties' submissions on the Motion focused primarily on whether the Movant should be granted relief from the Bar Date, not whether the Lerebours Claim should be allowed in the asserted amount.

The Movant now asks the Court to go further and seeks an order "[a]llowing the Lerebours Claim in its entirety," classifying it as a Class 6 Allowed General Unsecured Claim under the Plan, and directing plan distributions to the Movant of "100% payment with interest at 4% per annum in accordance with the Plan's distribution provisions." (Dkt. No. 261, at 10). That relief would require the Court to move beyond allowing a claim under section 502(a) and enter an affirmative merits determination fixing the Lerebours Claim at $419,300.00. *See SunEdison, Inc.*, 557 B.R. at 306 n.3; *see also Columbia Ribbon*, 54 B.R. at 716 n.6. The present record does not permit that relief.

The Debtor expressly "reserve[d]" her right to object to allowance, amount, basis, and validity of the Lerebours Claim if the Court permitted the late filing. (Dkt. No. 263, at 10). No objection has yet been filed, and no hearing has been scheduled to adjudicate the validity or amount of the claim. As courts have recognized, permitting a late claim to participate in the claims process does not itself constitute allowance of the claim on the merits. *See Columbia Ribbon*, 54 B.R. at 716 n.6. That principle applies here.

The Plan provides an independent reason not to grant the requested relief at this juncture. Section 502(a) does not determine whether a claim is an "Allowed" claim for purposes of distributions under a confirmed plan that separately defines the term. *See Worldcom*, 362 B.R. at 112-13 (Bankr. S.D.N.Y. 2007) (concluding that a claim was not "Allowed" for purposes of the plan where the plan separately defined that term and a timely objection rendered the claim "Disputed"). Here, Section 1.3 of the Plan defines "Allowed" as that portion of a claim that "(i)

has been timely filed with the Bankruptcy Court and is liquidated in amount and has not been objected to; (ii) has been listed by the Debtor in the Schedules as being neither contingent, unliquidated nor disputed; or (iii) has been allowed by a Final Order of the Bankruptcy Court." (Dkt. No. 254-1, at 1).

The first two prongs of that definition do not appear to apply here. The Lerebours Claim was filed after the Bar Date, and only by leave granted in the May 4 Decision. The Debtor did not schedule the Movant as a creditor. Thus, for the Lerebours Claim to become an "Allowed" claim under the Plan, the applicable prong appears to be Section 1.3(iii): allowance by Final Order of this Court.

Thus, to the extent the Motion seeks an order adjudicating the validity and amount of the Lerebours Claim and allowing the claim in its entirety, the Court declines to rule on the merits of the Lerebours Claim at this time.

### B. The Court Will Not Treat The Debtor's Opposition As An Objection To The Lerebours Claim

The Court next considers whether the Opposition should be treated as an objection to the Lerebours Claim under Section 502(a) and Bankruptcy Rule 3007. The Court concludes that it should not.

Where a filing affords the affected party adequate notice of the relief sought and a meaningful opportunity to respond, a court may look to its substance rather than its form. *See, e.g.*, *In re Friedman*, 184 B.R. 883, 887 (Bankr. N.D.N.Y. 1994) ("[W]here the rights of the affected parties have been adequately protected and the parties have had an opportunity to be heard, form will not be elevated over substance, and the matter will be allowed to proceed on the merits as originally filed."). In *Rockefeller Center Properties*, the Court treated a filing as a claim objection because the claimant had more information than it would have had from a conventional

objection and suffered no prejudice. *In re Rockefeller Ctr. Props*., 241 B.R. 804, 817-18 (Bankr. S.D.N.Y. 1999).

That principle has limits. "An objection to a claim gives rise to a contested matter pursuant to Bankruptcy Rule 9014." *In re Ditech Holding Corp*., No. 19-10412 (JLG), 2025 WL 759045, at *1 n.9 (Bankr. S.D.N.Y. Mar. 9, 2025) (citing *In re Live Primary, LLC*, 626 B.R. 171, 190 (Bankr. S.D.N.Y. 2021)). Bankruptcy Rule 3007(a) requires that an objection be in writing and filed, and the objection and notice of the hearing must be mailed or otherwise delivered to the claimant at least thirty days before the hearing. *See* Fed. R. Bankr. P. 3007(a). Courts have declined to adjudicate purported claim objections where those procedural requirements were not satisfied. *See In re EMS Fin. Servs., LLC*, No. 12-71324-AST, 2013 WL 64755, at *9 (Bankr. E.D.N.Y. Jan. 4, 2013) (concluding that the Court did not need to reach the "substance of … the purported claim objections" because the party had not met the "minimal procedural requirements under Bankruptcy Rule 3007"); *see also Varela v. Dynamic Brokers, Inc. (In re Dynamic Brokers, Inc.)*, 293 B.R. 489, 496-97 (B.A.P. 9th Cir. 2003) (explaining that "the essence of Rule 3007 must be complied with" and that a creditor must receive "specific notice" of the challenge and an opportunity to litigate comparable to that afforded by a conventional claim objection).

The circumstances here weigh against treating the Opposition as an objection to the Lerebours Claim. The Opposition was submitted primarily in response to Lerebours's request for relief from the Bar Date. (*See* Dkt. No. 263). Although the Debtor disputed personal liability and amount, the Debtor expressly reserved "all rights to object to the allowance of the claim on the merits" if the Court permitted the late filing. (*Id.* at 10). Debtor did not purport to treat the Opposition as her objection, and the Court will not construe it as such.

Furthermore, the Movant did not receive the notice that Bankruptcy Rule 3007(a) requires.[5] No objection to the Lerebours Claim was served on the Movant, and no hearing on the validity or amount of the claim was noticed. That distinguishes this case from *Rockefeller Center Properties*, where the claimant had complete notice of the objection being adjudicated and suffered no prejudice from the form in which it was presented. *See Rockefeller Center Properties*, 241 B.R. at 817-18. This case resembles *EMS Financial Services*. There, a party expressly sought disallowance of proofs of claim in another procedural filing, but the court nonetheless declined to consider the purported objections because the procedural requirements of Rule 3007 had not been satisfied. *See EMS Fin. Servs*., 2013 WL 64755, at *9. Accordingly, the Court does not construe the Opposition as an objection to the Lerebours Claim under section 502(a) or Bankruptcy Rule 3007.

### C. Section 7.2 Of The Plan Does Not Bar An Objection To The Lerebours Claim

The final issue is whether Section 7.2 of the Plan bars the Debtor from filing an objection to the Lerebours Claim at this time. The Court finds that the Plan does not bar the Debtor from filing an objection.

The Confirmation Order was entered on October 22, 2025. (Dkt. No. 254). As explained above, Section 7.2 of the Plan provides that objections to claims "may be filed by Reorganized Debtor up to and including thirty (30) days following entry of the Confirmation Order." (Dkt. No. 254-1, at 14). That thirty-day period expired on or about November 21, 2025—approximately five and one-half months before the Court entered the May 4 Decision allowing the filing of the Lerebours Claim. (Dkt. No. 275).

[5] "An objection to a claim and a notice of the objection must be filed and served at least 30 days before a scheduled hearing on the objection or any deadline for the claim holder to request a hearing." *See* Fed. R. Bank. P. 3007(a)(1).

As discussed *supra* Section IV.B, a confirmed plan may establish deadlines and procedures for objections to claims. *See WorldCom*, 362 B.R. at 112-13. Where a confirmed plan unambiguously imposes a claim objection deadline, the Court must enforce that deadline according to its terms. *See Grupo Aeromexico,* 2023 WL 6206093 at *4; *see also In re Ampace Corp.*, 279 B.R. 145, 151-53 (Bankr. D. Del. 2002) (holding that where a confirmed plan unambiguously imposed a claims-objection deadline, the deadline was a substantive plan provision, "akin to a statute of limitations," that could not simply be enlarged under Bankruptcy Rule 9006(b)(1)). However, *Ampace* also recognized a distinction between impermissibly modifying an unambiguous plan and interpreting or clarifying a plan that is silent or ambiguous. *See Ampace*, 279 B.R. at 153. There, the plan unambiguously provided that objections "shall be filed … not later than ninety (90) days after the Effective Date," and contained no provision permitting extension of that deadline. *Id.* The claims at issue also had been filed before confirmation and therefore were subject to objection throughout the plan's prescribed objection period. *See id.* at 149-50. When the trustee failed to object by the deadline, the claims became allowed under the express terms of that plan. *See id.* at 153-54.

This case is distinguishable from *Ampace* because Section 7.2 does not unambiguously address objections that were not filed—and that could not have been filed—during the thirty-day objection period. During that period, the Lerebours Claim was not before the Court. Section 7.2 is silent as to the deadline for objecting to a claim first permitted by a subsequent court order.

The Court will not read that silence to defeat what the May 4 Decision reserved. If Section 7.2 barred any later objection, then the May 4 Decision allowing the Movant to file the Lerebours Claim, combined with section 502(a), would effectively allow the claim in full without the merits adjudication the Court expressly deferred. That result would collapse the distinction between

permitting a late-filed proof of claim and allowing the filed claim on the merits. *Columbia Ribbon* discusses the preservation of that distinction: a late-filing creditor may be permitted to participate with timely creditors, but that permission "should not be construed as a finding that [such party's] claim is being allowed," and "[t]he Trustee remains free to object to [such party's] claim in the future." *Columbia Ribbon*, 54 B.R. at 716 n.6.

The Plan also does not support the reading that Movant is immune from objection. Section 1.19 defines a "Disputed Claim" to include a claim as to which "an objection to the allowance thereof has been interposed within the time limitation of the Bankruptcy Code and Bankruptcy Rules by an Order of the Court, or by this Plan." (Dkt No. 254-1, at 2). The Plan thus contemplates objection deadlines set by court order, not section 7.2 alone. Article XI of the Plan likewise retains jurisdiction for this Court "[t]o determine all Disputed Claims," and to resolve disputes regarding interpretation or enforcement of the Plan. (Dkt. No. 254-1, at 16-17).

The Debtor, therefore, may object to the Lerebours Claim and any such objection must comply with Bankruptcy Rule 3007. If an objection is timely filed, the Lerebours Claim will proceed as a contested matter under Bankruptcy Rule 9014, and the Court will schedule a status conference to address the procedure for adjudicating the claim. If no timely objection is filed, Lerebours may renew its request for entry of an order addressing its entitlement to treatment as an Allowed Class 6 Claim under the Plan.

## VI. <u>CONCLUSION</u>

For the foregoing reasons, the Court finds that:

1. To the extent the Motion seeks an order adjudicating the validity and amount of the Lerebours Claim and allowing the Claim in its entirety, the Court declines to rule on the validity or amount of the Lerebours Claim at this time.

2. The Court will not treat the Debtor's Opposition to the Motion as an objection to the Lerebours Claim under section 502(a) of the Bankruptcy Code or under Bankruptcy Rule 3007.

3. The Debtor may file an objection to the Lerebours Claim on or before twenty-one (21) days after entry of this Order, which objection shall comply with Bankruptcy Rule 3007, including the notice requirements of subsection (a) thereof.

4. If a timely objection is filed, the Lerebours Claim shall proceed as a contested matter under Bankruptcy Rule 9014, and the parties shall meet and confer to discuss a procedure for adjudicating the claim, including the scope of any discovery and whether an evidentiary hearing may be required.

**IT IS SO ORDERED.**

Dated: October 21, 2026
New York, New York

/s/ John P. Mastando III
HONORABLE JOHN P. MASTANDO III
UNITED STATES BANKRUPTCY JUDGE